**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUDY TOMKO<br>733 Greenfield Road<br>Mercer, PA 16137 | : <br>: <br>: <br>: | Case No. |
| Plaintiff, | : <br>: | COMPLAINT |
| vs. | : <br>: | FILED ON BEHALF OF:<br>Plaintiff, Judy Tomko |
| F.N.B. Corporation<br>156 South Broad Street<br>P.O. Box 8<br>Grove City, PA 16127 | : <br>: <br>: <br>: | <br><br>COUNSEL OF RECORD FOR<br>PARTY:<br>Neal A. Sanders, Esquire |
| and | : <br>: | PA ID NO. 54618<br>Dirk D. Beuth, Esquire |
| Regency Finance Company<br>8600 East Market Street<br>Suite 8<br>Warren, Ohio 44484 | : <br>: <br>: <br>: | PA ID NO. 76036<br>Law Offices of Neal A. Sanders<br>1924 North Main Street Ext.<br>Butler, PA  16001 |
| Defendants. | : <br>: <br>: | (724) 282-7771<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff Judy Tomko, complaining of Defendants F.N.B. Corporation and Regency Finance Company, alleges as follows:

**PARTIES**

1.  Plaintiff, Judy Tomko, is an individual citizen who currently resides at 733 Greenfield Road, Mercer, Pennsylvania 16137.

2.  Defendant, F.N.B. Corporation (hereinafter "F.N.B."), is a corporation engaged in the business of banking and financial services. Defendant has administrative offices located at 156 South Broad Street, P.O. Box 8, Grove City, PA 16127.

3.  Defendant, Regency Finance Company (hereinafter "Regency"), is a subsidiary of F.N.B. Corporation and is located at

8600 East Market Street, Suite 8, Warren, Ohio 44484. Regency Finance Company is actively engaged in business within Western Pennsylvania near to the Ohio / Pennsylvania border.

**JURISDICTION AND VENUE**

4. This action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.

5. Jurisdiction over all counts of this Complaint is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. §626(c).

6. Venue is properly laid in the Western District of Pennsylvania, because all transactions and occurrences which give rise to this action occurred within this District.

**COUNT I**
**ADEA - Wrongful Discharge**

7. Defendants are employers within the meaning of the ADEA, 29 U.S.C. §621 et seq. Specifically, Defendants are employers in an industry affecting commerce that each employed twenty (20) or more employees in each of twenty (20) or more weeks in the preceding calendar year.

8. At all times relevant hereto, Plaintiff, who was born in 1946, was a member of the class protected under the provisions of the ADEA.

9. Beginning in 1978, Plaintiff has worked in a variety of positions in the employ of F.N.B.

10. Most recently Plaintiff held the position of Branch Manager of F.N.B.'s subsidiary, Regency.

11. At all times relevant hereto, Plaintiff was qualified for the position of Branch Manager.

12. On or about July 19, 2010, Plaintiff was placed on administrative leave based on allegations that she had sexually harassed one of her subordinates. Plaintiff was placed on leave despite the fact that the F.N.B. officials who were investigating the claim of sexual harassment were aware that the claim was fabricated or otherwise without merit.

13. Based on her belief that the suspension was motivated by an intent to discriminate against her because of her age, Plaintiff filed an administrative complaint with the EEOC on July 21, 2010, which Plaintiff presented to the Defendants on the same day.

14. On July 22, 2010, Plaintiff was informed that her employment with the Defendants was being terminated.

15. Plaintiff believes, and therefor avers, that following her termination a substantially younger employee was hired to replace her in the position of Regency's Branch Manager.

16. The Defendants, acting through their employees and agents, were motivated by Plaintiff's age when they terminated Plaintiff's employment.

17. By reason of the foregoing, the Defendants unlawfully discriminated against the Plaintiff because of her age when they terminated her employment and, in doing so, the Defendants violated the ADEA, 29 U.S.C. § 626(a)(1).

18. As the direct and proximate result of the Defendants' actions set forth above, the Plaintiff has suffered loss of wages, loss of pension benefits, loss of insurance benefits, loss of other

fringe benefits, loss of the opportunity to continue the gainful employ in which she had been engaged, loss of future earnings, and front pay, and loss of time and money in endeavoring to protect herself from Defendants' unlawful discrimination, including the costs and reasonable attorney's fees of this action.

19. The Defendants willfully violated the ADEA or with reckless disregard for whether their actions were prohibited such that an award of liquidated damages is appropriate.

20. Prior to initiating this action, Plaintiff exhausted all of her administrative remedies with the EEOC. Final closing letters were issued with respect to all of Plaintiff's administrative complaints on April 27, 2011 by the EEOC. They were received on April 28, 2011. True and correct copies of these closing letters are attached hereto as Exhibit 1. These complaints were cross-filed with the Pennsylvania Human Relations Commission which continues to investigate the matter. Less than 90 days have elapsed since April 28, 2011.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants and award Plaintiff back pay, front pay or reinstatement, liquidated damages and reasonable costs and attorney's fees.

### COUNT II
### ADEA RETALIATION

21. Plaintiff incorporates by reference all averments and allegations from Paragraphs 1 through 20 as though the same were set forth herein at length and made a part hereof.

22.  On or about July 21, 2010, Plaintiff filed a charge of discrimination with the EEOC alleging that the decision to place her on administrative leave had been motivated by age discrimination.

23.  Plaintiff presented this charge of discrimination to her employers on July 21, 2010.

24.  On July 22, 2010, Plaintiff was informed that her employment was being terminated, despite the fact that the investigating officials were aware that the allegations of sexual harassment were without merit.

25.  The Defendants, acting through their employees and agents, were motivated by an intent to retaliate against Plaintiff because of her protected activity when they terminated Plaintiff's employment.

26.  By reason of the foregoing, the Defendants unlawfully retaliated against the Plaintiff because of her protected activity when they terminated her employment and, in doing so, the Defendants violated the ADEA.

27.  As the direct and proximate result of the Defendants' actions set forth above, the Plaintiff has suffered loss of wages, loss of pension benefits, loss of insurance benefits, loss of other fringe benefits, loss of the opportunity to continue the gainful employ in which she had been engaged, loss of future earnings, and front pay, and loss of time and money in endeavoring to protect herself from Defendants' unlawful discrimination, including the costs and reasonable attorney's fees of this action.

28. The Defendants willfully violated the ADEA or with reckless disregard for whether their actions were prohibited such that an award of liquidated damages is appropriate.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants and award Plaintiff back pay, front pay or reinstatement, liquidated damages and reasonable costs and attorney's fees.

                              Respectfully submitted,

                              LAW OFFICES OF NEAL A. SANDERS

Dated: July 14, 2011        By:/s/Neal A. Sanders
                                  Neal A. Sanders, Esquire
                                  PA ID NO. 54618
                                  Co-Counsel for Plaintiff,
                                  Judy Tomko

                              By:/s/Dirk D. Beuth
                                  Dirk D. Beuth, Esquire
                                  PA ID NO. 76036
                                  Co-Counsel for Plaintiff,
                                  Judy Tomko

                                  Law Offices of Neal A. Sanders
                                  1924 North Main Street Ext.
                                  Butler, Pennsylvania 16001

                                  (724) 282-7771

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

                                  By:/s/Neal A. Sanders
                                      Neal A. Sanders, Esquire

                                  By:/s/Dirk D. Beuth
                                      Dirk D. Beuth, Esquire