IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH LEONARD and DUANE HOUGH**     ) | Civil Action No. 11- |
| ) | |
| Plaintiffs,     ) | |
| ) | |
| v.     ) | **COMPLAINT** |
| ) | |
| **PATRICK J. STAPLETON, III, CHAIRMAN,**     ) | |
| **PENNSYLVANIA LIQUOR CONTROL BOARD**     ) | |
| as an individual and in his official capacity;     ) | |
| **THOMAS F. GOLDSMITH, BOARD MEMBER,**     ) | |
| **PENNSYLVANIA LIQUOR CONTROL BOARD**     ) | |
| as an individual and in his official capacity;     ) | **JURY TRIAL DEMANDED** |
| **ROBERT S. MARCUS, BOARD MEMBER,**     ) | |
| **PENNSYLVANIA LIQUOR CONTROL BOARD,**     ) | |
| as an individual and in his official capacity;     ) | |
| **SERGEANT JOHN C. KEAN,**     ) | |
| **DISTRICT OFFICE COMMANDER, BUREAU**     ) | |
| **OF LIQUOR CONTROL ENFORCEMENT,**     ) | |
| **PENNSYLVANIA STATE POLICE,**     ) | |
| as an individual and in his official capacity     ) | |
| ) | |
| Defendants.     ) | |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1.  This is an individual action under the Civil Rights Act of 1871, as amended (42 U.S.C. §1983), and Pennsylvania state common law to correct deprivations of Plaintiffs' civil rights, to provide prospective procedural remedy in the form of a name-clearing hearing, to recover damages for unlawful actions taken by Defendants against Plaintiffs, to enjoin Defendants from repeating their unlawful behavior, and to make Plaintiffs whole.

2.  Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 for federal claims, and 28

        U.S.C. §1367 for supplemental state claims.  This action is authorized and instituted pursuant to Section 1983 and PA state common law.

3.     The actions and policies alleged to be unlawful were committed in and around Pittsburgh, PA, where Defendants are located and/or direct operations/exercise jurisdiction and where Plaintiffs worked and, therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

4.     Plaintiffs have filed a Praecipe to Issue Writ of Summons and a Praecipe to Re-Issue Writ of Summons in the Court of Common Pleas of Allegheny County within the statutory period (1 year) for a Pennsylvania state law claim of slander following the complained-of acts.  Plaintiffs intend to amend this complaint to incorporate a claim of slander under Pennsylvania state law upon transfer of the claim from the Court of Common Pleas to federal court.

## PARTIES

5.     Plaintiff Kenneth Leonard (hereinafter referred to as "Plaintiff Leonard" or "Leonard"), is a citizen of the Commonwealth of Pennsylvania and resides at 106 Saxony Drive, Pittsburgh, PA  15241.

6.     Plaintiff Duane Hough (hereinafter referred to as "Plaintiff Hough" or "Hough"), is a citizen of the Commonwealth of Pennsylvania and resides at 816 Waddell Avenue, Clairton, PA 15025.

7.     At all relevant times, Defendant Patrick J. Stapleton, III (hereinafter referred to as "Defendant Stapleton" or "Stapleton"), has been Chairman of the Pennsylvania Liquor

Control Board and has had his office at Northwest Office Building, Harrisburg, PA 17124-0001.

8.  At all relevant times, Defendant Thomas F. Goldsmith (hereinafter referred to as "Defendant Goldsmith" or "Goldsmith"), has been a Board Member of the Pennsylvania Liquor Control Board and has had his office at Northwest Office Building, Harrisburg, PA 17124-0001.

9.  At all relevant times, Defendant Robert S. Marcus (hereinafter referred to as "Defendant Marcus" or "Marcus"), has been a Board Member of the Pennsylvania Liquor Control Board and has had his office at Northwest Office Building, Harrisburg, PA 17124-0001.

10. At all relevant times, Defendant Sergeant John C. Kean (hereinafter referred to as "Defendant Kean" or "Kean"), has been a sergeant with the Pennsylvania State Police and has been District Office Commander of the Pennsylvania State Police Bureau of Liquor Control Enforcement, District Office at 313 Mt. Nebo Road, Pittsburgh, PA 15237.

11. Defendants are subject to the provisions of 42 U.S.C. §1983.

12. Defendants are persons within the meaning of 42 U.S.C. §1983.

13. When engaging in the acts and omission that harmed Plaintiffs Leonard and Hough, the Defendants acted under color of state law within the meaning of Section 1983 of the Civil Rights Act.

14. Defendants' conduct was undertaken as part of their state duties and while both acting as

**individuals and in their official capacities.**

## BACKGROUND AND STATEMENT OF CLAIMS

15. **Plaintiff Leonard worked for Aramark Corporation as a Beer Vendor at PNC Park from 2001 until on or around September 11, 2009 when he was effectively terminated (placed on suspension pending investigation).**

16. **Prior to the opening of PNC Park in 2001, Plaintiff Leonard had worked for Aramark Corporation as a Beer Vendor since around 1975.**

17. **Plaintiff Leonard performed satisfactorily throughout his employment.**

18. **Plaintiff Hough worked for Aramark Corporation as a Beer Vendor at PNC Park from 2001 until on or around September 11, 2009, when he was effectively terminated (placed on suspension pending investigation).**

19. **Prior to the opening of PNC Park in 2001, Plaintiff Leonard had worked for Aramark Corporation as a Beer Vendor since around 1976.**

20. **Plaintiff Hough performed satisfactorily throughout his employment.**

21. **On or around September 6, 2009, Plaintiffs Leonard and Hough were performing their job responsibilities as Beer Vendors at PNC Park during a baseball game. During the course of their workday, Plaintiffs Hough and Leonard were requested by Aramark to stop their work and report to an Aramark office.**

22. Once Plaintiffs Leonard and Hough had reported to the office, they were notified by Aramark Corporation that an agent of the Pennsylvania Liquor Control Board had made an allegation to Aramark Corporation that Plaintiffs Leonard and Hough had acted in violation of the law by serving alcohol to an underage buyer (an undercover operative) earlier in the day.

23. The agent of the Pennsylvania Liquor Control Board knew the allegations about Plaintiffs were false.

24. The agent of the Pennsylvania Liquor Control Board acted under color of the law.

25. These allegations were stigmatizing statements that injured the reputation of the Plaintiffs.

26. These stigmatizing statements were false.  In fact, Plaintiffs Leonard and Hough had not acted in violation of the law and had not served alcohol to an underage buyer (an undercover operative).

27. Defendant Stapleton (the Chairman of the Pennsylvania Liquor Control Board) and Defendants Goldsmith and Marcus (Board Members of the Pennsylvania Liquor Control Board) had personal involvement (direction, knowledge or consent) in the false allegations against Plaintiffs Leonard and Hough that deprived Plaintiffs of their rights under the United States Constitution.

28. Furthermore, Defendant Stapleton (the Chairman of the Pennsylvania Liquor Control Board) and Defendants Goldsmith and Marcus (Board Member of the Pennsylvania Liquor Control Board) created policies and practices that resulted in the assertion of these false

allegations against Plaintiffs Leonard and Hough that deprived Plaintiffs of their rights under the United States Constitution.

29. Furthermore, Defendant Stapleton (the Chairman of the Pennsylvania Liquor Control Board) and Defendants Goldsmith and Marcus (Board Members of the Pennsylvania Liquor Control Board) have statutory authority to supervise the agent of the Pennsylvania Liquor Control Board who made the false allegations against Plaintiffs Leonard and Hough that deprived Plaintiffs of their rights under the United States Constitution.

30. Despite these false allegations that Plaintiffs Leonard and Hough had served alcohol to an underage buyer, at no point during the course of their workday on September 6, 2009 were Plaintiffs Leonard or Hough informed in person by the Pennsylvania Liquor Control Board that they had allegedly sold alcohol to an underage buyer.

31. On September 9, 2009, Defendant Kean sent a letter to Aramark Corporation falsely alleging that Plaintiffs Leonard and Hough - acting in violation of the law - had served alcohol to an underage buyer (an undercover operative) on September 6, 2009.

32. Defendant Kean knew the allegations about Plaintiffs were false.

33. Defendant Kean acted under color of the law.

34. Defendant Stapleton (the Chairman of the Pennsylvania Liquor Control Board) and Defendants Goldsmith and Marcus (Board Members of the Pennsylvania Liquor Control Board) had personal involvement (direction, knowledge or consent) in Defendant Kean's false allegations against Plaintiffs Leonard and Hough that deprived Plaintiffs of their

rights under the United States Constitution.

35.  Furthermore, Defendant Stapleton (the Chairman of the Pennsylvania Liquor Control Board) and Defendants Goldsmith and Marcus (Board Members of the Pennsylvania Liquor Control Board) created policies and practices that resulted in Defendant Kean's false allegations against Plaintiffs Leonard and Hough that deprived Plaintiffs of their rights under the United States Constitution.

36.  Furthermore, Defendant Stapleton (the Chairman of the Pennsylvania Liquor Control Board) and Defendants Goldsmith and Marcus (Board Members of the Pennsylvania Liquor Control Board) have statutory authority to supervise Defendant Kean (District Office Commander of the Pennsylvania State Police Bureau of Liquor Control Enforcement) whose actions deprived Plaintiffs of their rights under the United States Constitution.

37.  Defendants Stapleton, Goldsmith and Marcus approved of the false allegations made by the Pennsylvania Liquor Control Board and Defendant Kean against Plaintiffs Leonard and Hough or were aware of the false allegations and failed to abate them.

38.  The allegations made by the Pennsylvania Liquor Control Board and Defendant Kean to Aramark Corporation were stigmatizing statements that injured the reputation of the Plaintiffs.

39.  These stigmatizing statements were made publically and were false.

40.  In fact, Plaintiffs Leonard and Hough had not acted in violation of the law and had not

served alcohol to the underage buyer (the undercover operative).

41. After receiving the letter from Defendant Kean containing the stigmatizing statements, Aramark Corporation immediately terminated Plaintiffs Leonard and Hough's employment on September 11, 2009.

42. On March 24, 2010, Plaintiffs Leonard and Hough had hearings before an Aramark Corporation panel.  None of the Defendants were present at the Aramark hearing.

43. At no time were Plaintiffs Leonard and Hough afforded an opportunity to have a hearing before the Pennsylvania Liquor Control Board.  At no time were Plaintiffs afforded an opportunity to have any hearing in which Defendants were present.

44. There were numerous inconsistencies and deficiencies in the allegations made by Defendants.

45. These inconsistencies and deficiencies reasonably put Defendants on notice that the allegations against Plaintiffs were false.

46. Plaintiffs did not receive any due process of law to contest the allegations made against them by the Defendants.

47. This lack of due process prevented Plaintiffs from having any opportunity to address the numerous inconsistencies and deficiencies in the allegations made by the Defendants.

48. For example, none of the Defendants and none of the witnesses who allegedly had first-

hand knowledge of the situation were on hand to identify Plaintiffs Leonard and Hough as having sold alcohol to the underage buyer (an undercover operative).

49. Defendants relied on uncorroborated testimony that there were photographs of the alleged incidents.

50. In fact, there was no photographic evidence.

51. Defendants, notwithstanding their knowledge that there was no reliable evidence, publically stated (or had personal involvement - direction, knowledge or consent - in the assertion of statements) that Plaintiffs had broken the law.

52. These stigmatizing statements were made publically.

53. The actions of Defendants (which caused injury to Plaintiffs' reputation) have deprived Plaintiffs of liberty rights and interests protected by the Fourteenth Amendment of the United States Constitution.

54. The actions of the Defendants deprived the Plaintiffs of their liberty rights and interests by harming the Plaintiffs with termination from their employment and damage to their ability to earn a living.

55. The actions of the Defendants deprived the Plaintiffs of their liberty rights and interests by precluding the Plaintiffs from pursuing their calling and occupation.

56. The actions of the Defendants cast doubt on Plaintiffs' good name, reputation and integrity

in such a manner that it has become impossible for Plaintiffs to find new employment in their chosen field.

57. Furthermore, through the actions of Defendants which resulted in the Plaintiffs' termination from Aramark, Plaintiffs Leonard and Hough have also been denied their liberty right to pursue a calling or occupation because Aramark is effectively the only employer of Beer Vendors in the region,

58. The actions of the Defendants deprived the Plaintiffs of their liberty rights and interests by altering the legal status of the Plaintiffs from the status of having acted in compliance of the law to the status of having acted in violation of the law.

59. The actions of the Defendants deprived Plaintiffs of their protected liberty rights without affording the Plaintiffs due process of law.

60. The actions of the Defendants denied Plaintiffs of their right to due process of law by not notifying Plaintiffs of the deprivation of their constitutionally protected rights.

61. The actions of the Defendants denied Plaintiffs due process of law by denying Plaintiff's right to a hearing, including the right to be represented and heard prior to the deprivation of their constitutionally protected liberty rights and interests.

62. Accordingly, neither Plaintiff Leonard nor Plaintiff Hough were ever afforded an opportunity to contest the allegations made by the Defendants - either before or after the deprivation of their constitutionally protected rights.

63.     Plaintiffs have a constitutional right to due process within the meaning of 42 U.S.C. §1983.

64.     Defendants, in their individual capacities and official capacities, acted under the color of state law and subjected Plaintiffs to the deprivation of their rights secured by the United States Constitution within the meaning of 42 U.S.C. §1983.

65.     Plaintiffs have suffered harm as a result of the deprivation of their constitutional rights and the actions of the Defendants: loss of income; loss of business opportunity; compensatory damages; loss of reputation; and loss of future earnings.

66.     Defendants, in their official capacities, had and still have authority over the operation of the Pennsylvania Liquor Control Board and/or the Bureau of Liquor Control Enforcement.

67.     As such, Defendants had and still have authority over the conduct of enforcement actions and investigations, such as were conducted with respect to Plaintiffs commencing September 6, 2009.

68.     Defendants, in their official capacities, failed as a matter of policy to prevent the deprivation of Plaintiffs' constitutional rights.

69.     Defendants, in their official capacities, have the authority and the duty to correct their policy-based deprivations of constitutional rights and denial of due process.

70.     Plaintiffs are, therefore, seeking injunctive relief against Defendants in their official capacities.

71.  In addition to the constitutional deprivation, an agent of the Pennsylvania Liquor Control Board and Defendant Kean knowingly and intentionally made false verbal statements about Plaintiffs and about their professional competence and integrity to individuals working for Aramark Corporation.

72.  An agent of the Pennsylvania Liquor Control Board and Defendant Kean made these false statements for the malicious purpose of defaming Plaintiffs, harming their reputation, and interfering with their ability to do business as a Beer Vendor for Aramark Corporation and other prospective employers.

73.  These false statements have been published.

74.  These false statements have not been privileged.

75.  These false verbal statements are slanderous by their plain meaning.

76.  An agent of the Pennsylvania Liquor Control Board and Defendant Kean effectively told Aramark Corporation that Plaintiffs were persons of questionable integrity, and should not be trusted.

77.  The persons to whom these false, slanderous statements were made understood these statements to be negative and to mean that Plaintiffs were persons of low moral integrity and ill-repute, and untrustworthy persons.

78.  These false, slanderous statements were the direct cause of Aramark Corporation terminating Plaintiffs Leonard and Hough.

79. These false, slanderous statements have in fact harmed and injured Plaintiffs' good reputations in the Beer Vending industry and in the community generally.

80. These false, slanderous statements have in fact resulted in diminished and/or lost business opportunities and in diminished earning capacity, and will continue to do so.

81. There was no legitimate business reason for these statements.

82. Plaintiff is seeking a name-clearing hearing, lost wages, lost opportunity, lost benefits, compensatory damages, and attorney's fees and costs.

83. Plaintiffs will amend this complaint to add a claim for slander once they receive the right to do so from the Court of Common Pleas of Allegheny County (see Par. 4, supra).

**COUNT I: DEPRIVATION OF CIVIL RIGHTS - DENIAL OF DUE PROCESS (42 U.S.C. §1983)**
**(STAPLETON, GOLDSMITH, MARCUS, KEAN as individuals)**

84. Plaintiffs hereby incorporate by reference Paragraphs 1 through 83 of their Complaint as though the same were more fully set forth at length herein.

85. The actions of the Defendants have deprived Plaintiffs of liberty rights and interests protected by the Fourteenth Amendment of the United States Constitution.

86. The actions taken by Defendant were under color of state law.

87. Defendants made stigmatizing statements or had personal involvement (direction,

knowledge or consent) in the assertion of stigmatizing statements that injured the reputation of the Plaintiffs.

88. These stigmatizing statements were made publically and were false.

89. Defendants not only caused injury to the Plaintiffs reputation through their stigmatizing statements, but also deprived Plaintiffs of tangible additional rights and interests. In this manner, Defendants deprived Plaintiffs of liberty rights and interests protected by the Fourteenth Amendment of the United States Constitution.

90. The actions of the Defendants deprived the Plaintiffs of tangible additional rights and interests by harming the Plaintiffs with termination from their employment and consequent damage to their ability to earn a living.

91. The actions of the Defendants deprived the Plaintiffs of tangible additional rights and interests to pursue a calling or occupation.

92. The actions of the Defendants deprived the Plaintiffs of tangible additional rights and interests by altering their legal status from the status of having acted in compliance of the law to the status of having acted in violation of the law.

93. Moreover, Defendants have deprived Plaintiffs of their right to due process by depriving them of their protected liberty rights and interests without affording the Plaintiffs due process of law.

94. The actions of the Defendants denied Plaintiffs due process of law by not notifying

**Plaintiffs of the deprivation of their liberty rights and interests.**

95. **The actions of the Defendants denied Plaintiffs due process of law by denying Plaintiffs a right to a hearing, including the right to be represented and heard prior to the deprivation of their constitutionally protected liberty rights and interests.**

96. **Plaintiffs have been prejudiced by this denial of due process.**

97. **The actions taken by Defendant were in violation of Plaintiffs' procedural due process rights under 42 U.S.C. §1983.**

98. **Plaintiffs have suffered and will continue to suffer irreparable harm as a result of these violations.**

99. **Plaintiffs have suffered lost wages, lost opportunity, lost benefits, emotional distress and other harm as a result of these violations.**

**COUNT II:  DEPRIVATION OF CIVIL RIGHTS - DENIAL OF DUE PROCESS (42 U.S.C. §1983)**
**(STAPLETON, GOLDSMITH, MARCUS, KEAN in their official capacities)**

100. **Plaintiffs hereby incorporate by reference Paragraphs 1 through 99 of their Complaint as though the same were more fully set forth at length herein.**

101. **The actions of the Defendants have deprived Plaintiffs of liberty rights and interests protected by the Fourteenth Amendment of the United States Constitution.**

102. The actions taken by Defendant were under color of state law.

103. Defendants made stigmatizing statements or had personal involvement (direction, knowledge or consent) in the assertion of stigmatizing statements that injured the reputation of the Plaintiffs.

104. These stigmatizing statements were made publically and were false.

105. Defendants not only caused injury to the Plaintiffs reputation through their stigmatizing statements, but also deprived Plaintiffs of tangible additional rights and interests. In this manner, Defendants deprived Plaintiffs of liberty rights and interests protected by the Fourteenth Amendment of the United States Constitution.

106. The actions of the Defendants deprived the Plaintiffs of tangible additional rights and interests by harming the Plaintiffs with termination from their employment and consequent damage to their ability to earn a living.

107. The actions of the Defendants deprived the Plaintiffs of tangible additional rights and interests to pursue a calling or occupation.

108. The actions of the Defendants deprived the Plaintiffs of tangible additional rights and interests by altering their legal status from the status of having acted in compliance of the law to the status of having acted in violation of the law.

109. Moreover, Defendants have deprived Plaintiffs of their right to due process by depriving them of their protected liberty rights and interests without affording the Plaintiffs due

process of law.

110. The actions of the Defendants denied Plaintiffs due process of law by not notifying Plaintiffs of the deprivation of their liberty rights and interests.

111. The actions of the Defendants denied Plaintiffs due process of law by denying Plaintiffs a right to a hearing, including the right to be represented and heard prior to the deprivation of their constitutionally protected liberty rights and interests.

112. Plaintiffs have been prejudiced by this denial of due process.

113. The actions taken by Defendant were in violation of Plaintiffs' procedural due process rights under 42 U.S.C. §1983.

114. Plaintiffs are entitled to a hearing before Defendants in order to clear their names.

115. Plaintiffs have suffered and will continue to suffer irreparable harm in the absence of such a hearing.

116. Plaintiffs, therefore, seek injunctive relief in the form of a name-clearing hearing.

### COUNT III: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
### (STAPLETON, GOLDSMITH, MARCUS, KEAN as individuals)

117. Plaintiffs hereby incorporate by reference Paragraphs 1 through 116 of their Complaint as though the same were more fully set forth at length herein.

118.    The purpose of Defendant Kean and the agent of the Pennsylvania Liquor Control Board in making and publishing the slanderous statements regarding Plaintiffs has been and continues to be to interfere with Plaintiffs' existing and potential business relations in the field of Beer Vending.

119.    The slanderous statements about Plaintiffs have in fact interfered with Plaintiffs' business relations and have resulted in diminished earning capacity and the opportunity for future earnings.

120.    Plaintiffs lost their jobs with Aramark and will continue to be denied future business opportunities because of the false statements.

121.    There is no legitimate business reason for these false statements.

122.    The harm to Plaintiffs' past and future earnings, and to their reputations in the field of Beer Vending, exceeds $100,000.00.

## PRAYER FOR RELIEF

123.    WHEREFORE, Plaintiffs respectfully request that this Court:

    A.    Order Defendants to make Plaintiffs whole by paying monetary damages and providing affirmative relief (including a name-clearing hearing and other procedural relief) necessary to eradicate the effects of Defendants' deprivation of Plaintiffs' civil rights and Defendants' other unlawful actions;

    B.    Order Defendants to pay compensatory damages (for among other things, the emotional distress sustained by Plaintiffs as a result of Defendants' illegal actions;

C.  Order Defendants to pay the costs and reasonable attorney's fees incurred by Plaintiffs; and,

D.  Grant such further relief as the Court deems necessary and proper.

> Respectfully submitted,
>
> s/Joseph H. Chivers
> Joseph H. Chivers, Esquire
> PA ID No. 39184
> First & Market Building
> Suite 1010
> 100 First Avenue
> Pittsburgh, PA  15222-1514
> jchivers@employmentrightsgroup.com
> (412) 227-0763 / (412) 281-8481 FAX
>
> Counsel for Plaintiffs

DATED: August 25, 2011