IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID HATTEN

Plaintiff,

v.

BAY VALLEY FOODS, LLC

Defendant.

Civil Action

No.

**COMPLAINT**

Filed on behalf of:
Plaintiff, David Hatten

Counsel of Record for this Party

Tiffany R. Waskowicz, Esquire
PA ID #202933
Joshua M. Bloom and Associates, P.C.
310 Grant Street
Suite 3204
Pittsburgh, PA 15219

412-288-6000

**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID HATTEN

Plaintiff

v.

BAY VALLEY FOODS, LLC

JURY TRIAL DEMANDED

**CIVIL COMPLAINT**

Plaintiff, David Hatten, by and through his Attorneys, Joshua M. Bloom & Associates, P.C. and Tiffany R. Waskowicz, Esquire, files this Civil Complaint and in support alleges the following:

**I. Jurisdiction**

1. The jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5; and 28 U.S.C. §§ 1331, 1337, 1343

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court of Western District of Pennsylvania.

3. Plaintiff has satisfied all procedural and administrative prerequisites to suit under Title VII in that:

a. He filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 5, 2009 alleging race discrimination and retaliation and cross filed with the Pennsylvania Human Relations Commission ("PHRC");

b. The EEOC issued a Notice of Right to Sue on June 8, 2011 in which it stated inter alia that the "EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge..."

c. This Complaint is filed within ninety (90) days of receipt of that notice.

## II. The Parties

4. Plaintiff, David Hatten ("Hatten"), is an adult individual who resides at 3124 Terrace Street, Pittsburgh PA 15213. Mr. Hatten is African-American.

5. Defendant, Bay Valley Foods, LLC ("Bay Valley Foods), is a limited liability company doing business within the Western District of Pennsylvania at 1080 River Ave., Pittsburgh, PA 15212. At all times relevant, Defendant was Mr. Hatten's employer.

6. Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), in that it employs more than fifteen (15) individuals.

7. At all times relevant hereto, Defendant acted through its owners, officers, authorized agents, management, supervisors and/or its employees.

## III. Factual Background

8. Mr. Hatten was employed by Defendant from July 22, 1993 until Defendant fired him effective February 13, 2009. Mr. Hatten's last job title was full-time General Helper.

9. In July 2008, one of Mr. Hatten's co-workers informed him that a "hangman's noose" was hung in Defendant's workplace in the Brite Tin area/room.

10. In response to this information, Mr. Hatten informed his Union Safety Representative/Defendant's warehouse driver, Adolph Simms ("Simms"), that there was a "hangman's noose" hung in Defendant's workplace in the Brite Tin area/room.

11. Mr. Simms informed Mr. Hatten that he would inform Defendant's Human Resources that there was a "hangman's noose" hanging in the Brite Tin area/room.

12. Thereafter, on August 5, 2008, Defendant posted a notice regarding "workplace behavior." The August 5, 2008 notice was drafted by Defendant's Human Resource Manager, Caucasian Ann Aya, and it stated inter alia that "[R]ecently, employees reported seeing an object displayed outside one of the maintenance shops in the factory. The object can be used to intimidate others, and its use is usually connected with bigotry." See August 5, 2008 posted notice, attached hereafter as Exhibit #1.

13. On September 30, 2008, Defendant sent an e-mail regarding Mr. Hatten to Mr. Hatten's immediate supervisor, African-American James Jermany ("Jermany"). In the September 30, 2009 e-mail, Defendant directed Mr. Jermany to advise Mr. Hatten that he has no business "hanging out" anywhere in the Brite tin areas.

14. Mr. Jermany informed Mr. Hatten about this September 30, 2008 e-mail.

15. Prior to Mr. Hatten complaining about there being a hangman's noose in the Brite tin area/room, Defendant never directed him not to "hang out" in the Brite tin areas.

16. In July 2008, Defendant's Supervisor, Caucasian Marty Azen Sr. ("Azen"), inappropriately touched and poked his two fingers into Mr. Hatten's shoulder.

17. In response to Mr. Azen inappropriately touching Mr. Hatten, Mr. Hatten through his Union, United Food Commercial Workers, Local 325 ("Local 325"), filed a grievance.

18. Mr. Hatten complained to Defendant that Mr. Azen inappropriately

touching him looked a little "racial" and/or that had he been white Mr. Azen would not have inappropriately touched him.

19. In response to the incident in which Mr. Azen Sr. inappropriately touched Mr. Hatten, on August 13, 2008, Defendant posted a notice addressing "Touching others at work."

20. In February 2009, Defendant conducted an "investigation" and determined that from February 3, 2009 through February 11, 2009 Mr. Hatten had earned wages for which he did not work because he was either sitting in the cafeteria or in the parking lot during working hours.

21. Based on the results of this "investigation," Defendant fired Mr. Hatten.

22. In November 2008, Defendant determined that a similarly-situated Caucasian male, Thomas Rydzak (Rydzak), who had not engaged in protected activity, i.e. had not complained of race discrimination had "been using his work computer for personal use to access offensive content." Moreover, Defendant determined that "a record of the personal use revealed that Mr. Rydzak had spent a **great deal of work time** on these activities." (Emphasis added); See Mr. Rydzak warning, attached hereafter as Exhibit #2.

23. Although Mr. Rydzak spent a great deal of work time on non-work related activities, i.e. using his work computer to access offensive content, and therefore earned wages for times in which he was not working, Defendant did not fire Mr. Rydzak; but rather, Defendant suspended Mr. Ryzdak. Defendant also provided Mr. Ryzdak with an opportunity to continue working by putting him on a one-year Last Chance Agreement, which stated inter alia that if Mr. Rydzak failed to do his work in an

acceptable manner within the year that his discharge shall be immediately reinstated.

24. On July 31, 2009, Mr. Rydzak received a disciplinary notice for placing the wrong cases in Defendant's packer, which Defendant stated was not an insignificant error. Defendant did not discharge Mr. Rydzak for this incident.

**COUNT I**
**42 U.S.C. 1981**

25. Plaintiff incorporates by reference the allegations in Paragraph 1 to 24.

26. Defendant directed that Mr. Hatten no longer "hang out" in the Brite tin areas because of his race.

27. Defendant terminated Mr. Hatten because of his race.

28. Defendant also directed that Mr. Hatten no longer "hang out" in the Brite tin areas because Mr. Hatten complained of racial discrimination.

29. Defendant also terminated Mr. Hatten for complaining of racial discrimination.

30. Defendant directing Mr. Hatten to no longer "hang out" in the Brite tin areas, and Defendant terminating Mr. Hatten because of his race and in retaliation for complaining of race discrimination, deprived Mr. Hatten of the same right to make and enforce contracts as is enjoyed by white citizens in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

31. Defendant directing that Mr. Hatten no longer "hang out" in the Brite tin areas, and Defendant terminating Mr. Hatten was undertaken with reckless indifference to Mr. Hatten's federally protected right to make and enforce contracts irrespective of his race and/or his opposition to race discrimination.

32. As a direct and proximate result of Defendant's discriminatory and

retaliatory treatment, Mr. Hatten was directed to no longer "hang out" in the Brite tin areas in September 2008 and fired from his job effective February 13, 2009, and suffered the following injuries.

a. Great mental anguish and emotional strain;

b. Loss of income and benefits; and

c. Humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. § 1981 as follows:

a. That Defendant be permanently enjoined from discriminating against Mr. Hatten or retaliating against Mr. Hatten because of his race or because he opposed race discrimination;

b. That Defendant be ordered to re-employ Mr. Hatten to the position he occupied on February 13, 2009, together with all benefits incident thereto, including but not limited to wages, benefits, training and seniority;

c. That Defendant be required to compensate Mr. Hatten for the full value of wages and benefits he would have received had it not been for Defendant's illegal treatment, with interest thereon until the date Mr. Hatten is offered re-employment into a position substantially equivalent to the one Mr. Hatten occupied on February 13, 2009.

d. That Mr. Hatten be awarded compensatory and punitive damages in an amount to be determined at trial;

e. That Mr. Hatten be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

f. The Mr. Hatten be awarded such further relief as this Court deems to be just and proper.

**COUNT II**
**Title VII**
**Retaliation**

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32, as if fully restated.

34. Defendants retaliated against Mr. Hatten because he opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

35. Defendants' retaliation of Mr. Hatten was undertaken with malice and/or reckless indifference to Mr. Hatten's federally protected right to oppose race discrimination.

36. As a direct and proximate result of Defendants' retaliation, Mr. Hatten suffers and continues to suffer damages including, but not limited to:

a. Lost wages and benefits;

b. Harm to professional reputation; and

c. Emotional distress, anxiety, humiliation, and inconvenience.

WHEREFORE, Mr. Hatten demands judgment against Defendants and the following relief:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

b. That Defendant be ordered not to segregate its workforce by race;

c. That Defendant be required to reinstate Plaintiff to the position he occupied on February 13, 2009 and be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII;

e. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Plaintiff additional relief as may be just and proper.

**COUNT III**
**Title VII**
**Race Discrimination**

37. Plaintiff incorporates by reference the allegations in paragraphs 1 through 36, as if fully restated.

38. Defendant directed Mr. Hatten to no longer "hang out" in the Brite tin areas and fired Mr. Hatten because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2.

39. Defendant's actions in directing Mr. Hatten to no longer "hang out" in the Brite tin areas and in terminating Mr. Hatten because of his race were undertaken intentionally and with reckless indifferent to Mr. Hatten's federally protected right to be free from discrimination in employment decisions because of his race.

40. As a result of Defendant's race discrimination against Mr. Hatten, Mr. Hatten has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e against Defendant as follows:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

b. That Defendant be ordered not to segregate its workforce by Race;

c. That Defendant be ordered to instate Mr. Hatten to the same position he occupied on February 13, 2009 and be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of

Defendant's violations of Title VII;

e. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Plaintiff additional relief as may be just and proper.

**COUNT IV**
**Pennsylvania Human Relations Act**

41. Plaintiff incorporates paragraphs 1 through 40 as if fully restated.

42. Defendant's directive that Mr. Hatten is to no longer "hang out" in the Brite tin areas, and Defendant's termination of Mr. Hatten violated the Pennsylvania Human Relations Act ("PHRA") 43 Pa.Conns. Stat. Ann. § 955(d).

43. As a direct result of Defendant's violation of the PHRA, Mr. Hatten has lost wages and other economic benefits of his employment with Defendant, in addition to suffering emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Mr. Hatten requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b. That Defendant be ordered to reinstate Plaintiff to the position he occupied in 2/13/2009 and provide him accumulated seniority, fringe benefits, and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the PHRA;

e. That Defendant be enjoined from discriminating against Plaintiff in any

manner that violates the PHRA;

f. That plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. The Court grant Mr. Hatten additional relief as may be just and proper.

Respectfully Submitted,

Dated: September 1, 2011

**Joshua M. Bloom and Associates, P.C.**

By: /s/ Tiffany Waskowicz
Tiffany R. Waskowicz (202933)
310 Grant Street, Suite 3204
Pittsburgh, PA 15219