# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE LORENZ, | ) | CASE NO. 2:11-cv- |
| | ) | |
| Plaintiff, | ) | CIVIL COMPLAINT |
| | ) | |
| vs. | ) | J. |
| | ) | |
| MAGEE WOMEN'S HOSPITAL | ) | |
| OF U.P.M.C., | ) | |
| | ) | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | ) | |

Filed by:
ERIK M. YURKOVICH, ESQ.
PA. I.D. No. 83432


Erik M. Yurkovich, Esq.
Attorney at Law
Pine Creek Professional Buildings
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199
erik.yurkovich@gmail.com

Attorney for Plaintiff:
Janice Lorenz

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANICE LORENZ, | ) | CASE NO. 2:11-cv- |
| | ) | |
| Plaintiff, | ) | CIVIL COMPLAINT |
| | ) | |
| vs. | ) | J. |
| | ) | |
| MAGEE WOMEN'S HOSPITAL | ) | |
| OF U.P.M.C., | ) | |
| | ) | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | ) | |

## <u>CIVIL COMPLAINT</u>

Now comes the Plaintiff, Janice Lorenz, ("Lorenz"), through her attorney, Erik M. Yurkovich, Esq., who files this Complaint in Civil Action and in support thereof avers as follows:

## I.     JURISDICTION

1.     Jurisdiction is based on the Federal questions in age discrimination and disability discrimination in employment after plaintiff has received a right to sue letter from the EEOC, dated June 6, 2011. (Charge No. 533-2010-00561).

2.     Plaintiff alleges willful violations of the Family Medical Leave Act, as amended ("FMLA"), namely, willful interference with her rights and retaliation for pursuing rights under the FMLA.

## II. PARTIES

3.     Plaintiff is Janice Lorenz who resides at 127 Jacks Run Road, Pittsburgh Pennsylvania 15214.

4.      Defendant is U.P.M.C. with a principal place of business of 300 Halket Street, Pittsburgh, Pennsylvania 15213.

### III. FACTS

5.      Plaintiff is over the age of forty (40) and has a history of working in medical care.

6.      Plaintiff began working for UPMC in 1998 as a department assistant with the O.B.G.Y.N. ultrasound and maternal-fetal medicine department at Mercy.

7.      In March of 2008 Plaintiff received a new supervisor, Anita Nowak ("Nowak").

8.      Prior to 2009, Plaintiff received positive performance reviews.

9.      Plaintiff was eligible for rights pursuant to FMLA.

10.     Defendant is subject to the requirements of the FMLA.

11.     Plaintiff was entitled to rights protected by the FMLA.

12.     In December 2009, Plaintiff and Nowak had a disagreement about blood work policies.

13.     Plaintiff was discriminated against because of her age, to wit, Nowak continually objected to an older subordinate professionally challenging her judgment on work related issues and policies.

14.     On December 22, 2009, Nowak unilaterally changed Plaintiff's job description because of animus toward her age to harass Plaintiff and interfere with her employment routine.

15.     The change now required Plaintiff to work at Magee Women's Hospital in additional to Mercy Hospital on selected days per week.  There was no prevailing legitimate business reason to do so.

16.     On January 4, 2010, Nowak moved up Plaintiff's start date for working at Magee to intentionally cause further inconvenience.

17.     On January 11 and 12, 2010 Nowak and younger co-workers verbally harassed Plaintiff.

18.     They yelled and humiliated Plaintiff during her training at Magee.

19.     Nowak appeared to favor younger employees and did not speak to them in this unprofessional and harassing manner.

20.     Nowak also pulled stunts to single out and embarrass Plaintiff because of her age.

21.     For example, Nowak threw documents all over the floor and then demanded only Plaintiff to pick them up.

22.     For example, younger trainer Beth Smith ("Smith") was permitted to treat Plaintiff in a similarly hostile manner in front of co-workers.

23.     This type of juvenile activity from a supervisor directly caused Plaintiff to suffer and disabling severe panic attacks, high blood pressure and anxiety.

24.     It would be clear from any outsider that the atmosphere was hostile and Plaintiff was not welcome.

25.     On January 13, 2010, Plaintiff complained to Human Resources about Nowak, her medical conditions and her treatment and requested to be removed from this behavior to aide in her medical recovery.

26.     HR took no visible action.

27.     HR did not engage in any meaningful process with Plaintiff.

28.     On or about January 19, 2010, Plaintiff sought medical care with her primary car physician and was provided medication.

29.     On January 21, 2010, Nowak discriminated against Plaintiff for disclosed disabilities, her age, and retaliated against Plaintiff for complaints to wit Nowak disciplined Plaintiff about an alleged and vague "attitude" issue.

30.     On January 21, 2010, Nowak reprimanded Plaintiff about complaining.

31.     On January 21, 2010 Nowak threatened Plaintiff's employment and told Plaintiff she should find another job.

32.     On January 22, 2010 Plaintiff met with Debra Riley of the Leave Management Unit where Plaintiff executed written requests for full b lock Family Medical Leave due to anxiety, high blood pressure and panic attacks.

33.     Riley forwarded the written request to Nowak.

34.     Nowak immediately retaliated against Plaintiff and threatened Plaintiff's employment.

35.     Plaintiff took the threat of her employment and work environment as real and credible.

36.     Nowak willfully interfered with Plaintiff's right to take block leave.

37.     Plaintiff was approved for Family Medical Leave on or about January 22, 2010 and took block leave.

38.     Plaintiff notified Nowak, Human Resources Representative, Richard Story ("Story"), and UPMC Work Partners (the disability/leave department) that she could return to her job on March 29, 2010 after nine (9) weeks of medical leave, with approval of Plaintiff's physician.

39.     Plaintiff's physician also requested that the remaining three (3) weeks of approved medical leave per the FMLA to be used intermittently through December 20, 2011 as needed at work to minimize stress.

40.     Nowak again interfered with Plaintiff's use of Leave.

41.     Specifically, on or about January 22, 2010, Nowak told Plaintiff that if she utilized intermittent Family Medical leave, Nowak would intentionally schedule Plaintiff to work in the harassing environment of Magee every day of the week.

42.     Nowak knew Plaintiff feared working at Magee and knew of her medical conditions as a result.

43.     Nowak knew that assigning Plaintiff to Magee every day would result in her forced resignation.

44.     Plaintiff feared she would have to call-off every day if she pursued rights under the FMLA for intermittent leave.

45.     Plaintiff feared she would exhaust her permitted intermittent leave quicker than intended and her medical conditions would worsen.

46.     Nowak's threat was willfully calculated to stop Plaintiff from using the approved intermittent leave and it worked.

47.     Nowak's threats forced Plaintiff to refrain fully using intermittent FMLA leave.

48.     Plaintiff was also denied the full benefits of the FMLA because it failed to distribute full information about the leave and post it.

49.     Plaintiff requests all available relief for a willful and malicious intentional violation of the FMLA.

50.     Plaintiff filed a charge of age and disability discrimination and acts of retaliation with the EEOC on or about March 1, 2010 (Charge No. 533-2010-00561).

51.     Plaintiff also requested a reasonable accommodation under the ADA to be scheduled at Mercy Hospital instead of Magee.

52.     After Plaintiff's request, Defendant in terse emails temporarily permitted Plaintiff to return to work at Mercy but not immediately placed on the schedule.

53.     Defendant's tone established that Plaintiff solely working at Mercy much longer was intolerable.

54.     Nowak delayed Plaintiff's performance review.

55.     Defendant requested medical records and information from Plaintiff that she previously provided.

56.     Plaintiff left a voice message with Work Partners but received no prompt response.

57.     Plaintiff recognized that the four (4) secretaries at Magee covering Plaintiff while she was off were not required to travel throughout the week to Mercy and other differently locations.

58.     Plaintiff anticipated a return to Magee and continued harassment.

59.     At all times Plaintiff tried to work in a professional manner and was vocal to Human Resources about Nowak's animus towards her because of her age, disabilities, protected activity in complaining about discrimination, and threats intended to preclude her use of rights protected by the FMLA.

60.     Former director, Chris Damico, heard of Plaintiff's struggles and contacted Plaintiff and informed her of a job opportunity with a private practitioner where she applied and was immediately hired.

61.     As a result, Plaintiff provided her two (2) weeks' notice and was constructively discharged.

62.     Plaintiff has worked to date as a medical secretary for a UPMC practitioner, full time but earns $2.00 less per hour.

63.     Plaintiff has not needed to use Family medical leave and performs well in her new professional environment.

64.     Upon leaving, Dr. Dan Edlestone told Plaintiff that he did not want her to leave and was upset about what happened to her.  He said he told her supervisors that he wanted her to remain at Mercy to assist him with future changes.

65.     But for discrimination, Plaintiff would have earned approximately $2.00 more per hour and would have continued in maternal medicine at with Mercy.

66.     Plaintiff received a right to sue letter from the EEOC without warning on her initial charge, dated June 6, 2011 and files this complaint within ninety (90) days thereafter. (Charge No. 533-2010-00561).

*JURY TRIAL DEMANDED*

WHEREFORE, Plaintiff demands judgment against Defendant for all available relief.

Respectfully submitted,

ERIK M. YURKOVICH, ESQ.
PA. I.D. No. 83432

Erik M. Yurkovich, Esq.
Attorney at Law
Pine Creek Professional Buildings
207 Pine Creek Road
Building 1, Suite 201

Attorney for Plaintiff