**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICOLE M. YANNONE | ) |
| | )   **Civil Action No.** |
|       **Plaintiff,** | ) |
| | )   **COMPLAINT** |
|       **v.** | ) |
| | ) |
| CRICKET COMMUNICATIONS, INC. | )   **JURY TRIAL DEMANDED** |
| | ) |
|       **Defendant.** | )   **Electronically Filed** |

<u>**COMPLAINT**</u>

<u>**NATURE OF THE ACTION, JURISDICTION AND VENUE**</u>

1.     This is an individual action under the Americans With Disabilities Act of 1990, as amended (ADA)(42 U.S.C. §12101 et seq.) and the Pennsylvania Human Relations Act, as amended (PHRA)(43 Pa. C.S.A. §951 et seq.), to correct unlawful employment practices on the basis of disability and retaliation, and to make Plaintiff whole.

2.     Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the ADA and the PHRA.

3.     The actions and policies alleged to be unlawful were committed in and around Pittsburgh, PA, where Defendant has a retail store and where Plaintiff worked and, therefore, this matter is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper.

4.      Plaintiff filed a charge of disability discrimination with the Equal Employment Opportunity

        Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC) within

        the relevant statutory periods and is filing this action within 90 days of receipt of the

        EEOC's Right to Sue.

## PARTIES

5.      Plaintiff Nicole M. Yannone (hereinafter referred to as "Plaintiff" or "Yannone"), has

        resided at all relevant times at 1908 Michren Circle, South Park, PA  15129.  Plaintiff was

        employed by Defendant as a retail sales representative from on or about May 21, 2001,

        until on or about August 13, 2010, when she was constructively discharged.

6.      At all relevant times, Defendant Cricket Communications, Inc. (hereinafter referred to as

        "Defendant" or "Cricket") has its headquarters at 5887 Copley Drive, San Diego, CA  92111

        and operates retail stores throughout the country that provide wireless telephone and data

        services to the public.

7.      At all relevant times, Defendant has been subject to the ADA and the PHRA.

8.      Plaintiff is an employee within the meaning of the and the ADA and the PHRA.

## BACKGROUND AND STATEMENT OF CLAIMS

9.      Plaintiff began employment with Defendant on or about May 21, 2001, until on or about

        August 13, 2010, when she was constructively discharged.

10.     Plaintiff worked at the Banksville location in Pittsburgh, PA.

11.     Plaintiff worked as a retail sales representative.

12.     Plaintiff possesses the necessary skills and qualifications to perform the essential

        functions of a retail sales representative with or without an accommodation, or perform

        various other available jobs within Defendant's operations.

13.     Plaintiff performed her job satisfactorily throughout her employment.

14.     Plaintiff suffers from a significant medical condition.

15.     Plaintiff's condition significantly limits Plaintiff's ability to perform major life activities

        (walking, sleeping, engaging in manual activity, working) as compared to the average

        person.

16.     This condition is a substantial impairment within the meaning of the ADA and the PHRA.

17.     Plaintiff has a history of a substantial impairment within the meaning of the ADA and the

        PHRA.

18.     Plaintiff has been regarded by Defendant as having such a substantial impairment within

        the meaning of the ADA and the PHRA.

19.     Notwithstanding her substantial impairment, Plaintiff could and still can perform the

        essential functions of her job as a retail sales representative either with or without an

        accommodation, or perform other available jobs within Defendant's operations.

20.     Defendant has been aware of Plaintiff's conditions, the limitations imposed by these

conditions, and the need for accommodations at work because of these conditions.

21.     Because of Plaintiff's substantial impairment Plaintiff required an accommodation of

reasonable time off to treat or lessen the symptoms of her medical condition.

22.     Plaintiff informed Defendant of this reasonable accommodation.

23.     Notwithstanding her substantial impairment, Plaintiff was capable of performing the

essential functions either of her position or other available positions with or without an

accommodation.

24.     Defendant refused to make reasonable accommodations on behalf of Plaintiff.

25.     It was not an undue hardship for Defendant to make the requested accommodation.

26.     Defendant made no effort in response to Plaintiff's request for a reasonable

accommodation to engage in the interactive process.

27.     Defendant retaliated against Plaintiff's request for a reasonable accommodation by

subjecting her to a hostile work environment, increased scrutiny, unwarranted and

baseless criticism of her work, placing her on a performance improvement plan (PIP) and

conducting more frequent than usual performance reviews.

28.     The refusal to reasonably accommodate Plaintiff, and the retaliatory actions by Defendant

against Plaintiff resulted in Plaintiff having to take short-term disability leave, return to

work only on a part-time basis and eventually being forced to resign from employment

with Defendant on or about August 13, 2010.

29.     This is tantamount to a constructive discharge.

30.     The failure to accommodate, constructive discharge and retaliation against Plaintiff are in violation of the ADA and the PHRA.

31.     Defendant's actions are a violation of the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA).

32.     Plaintiff is seeking lost wages, compensatory damages, punitive damages (ADA), attorney's fees and costs.

<u>COUNT I:  DISABILITY DISCRIMINATION (ADA/PHRA)</u>
<u>FAILURE TO ACCOMMODATE</u>

33.     Plaintiff hereby incorporates Paragraphs 1 through 32 of her Complaint as though the same were more fully set forth at length herein.

34.     Plaintiff is a qualified individual with a disability.

35.     Plaintiff requested a reasonable accommodation.

36.     Defendant failed to make a good faith effort to make a reasonable accommodation.

37.     Plaintiff could perform the essential functions of her position or other available positions with or without an accommodation.

38.     Defendant had an affirmative duty to engage in the interactive process with Plaintiff.

39.     Defendant had an affirmative duty to make an individualized assessment of Plaintiff's ability to perform the essential functions of her job or other available jobs with Defendant.

40.     Defendant failed to engage in the interactive process with Plaintiff.

41.     It was not an undue hardship for Defendant to make the accommodation.

42.     Defendant's refusal to make a reasonable accommodation was in violation of the ADA and the PHRA.

43.     Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

44.     Plaintiff is entitled to lost wages and benefits unlawfully denied, compensatory damages, interest and other appropriate relief, including reinstatement.

<u>COUNT II:  DISABILITY DISCRIMINATION (ADA/PHRA)</u>
<u>CONSTRUCTIVE DISCHARGE</u>

45.     Plaintiff hereby incorporates Paragraphs 1 through 44 of her Complaint as though the same were more fully set forth at length herein.

46.     Plaintiff is a qualified individual with a disability (real, history, perceived).

47.     Defendant constructively discharged Plaintiff (by refusing to engage in the interactive

process, refusing to provide a reasonable accommodation, and retaliating against Plaintiff after she complained about a hostile work environment and not being accommodated).

48.     The reason for Plaintiff's constructive discharge was her disability status, Defendant's prejudice against individuals with disabilities and its refusal to accommodate Plaintiff's disabilities.

49.     Plaintiff acted as any reasonable person would given the refusal to accommodate and the retaliation.

50.     Defendant knew its actions against Plaintiff were in violation of the ADA and the PHRA.

51.     Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

52.     Plaintiff is entitled to lost wages and benefits unlawfully denied, compensatory damages, interest and other appropriate relief, including reinstatement.

## COUNT III:  RETALIATION (ADA/PHRA)

53.     Plaintiff hereby incorporates Paragraphs 1 through 52 of her Complaint as though the same were more fully set forth at length herein.

54.     Plaintiff engaged in a protected activity of asking for an accommodation, and complaining to management when the accommodation was denied.

55.   After Plaintiff engaged in this protected activity Defendant subjected her to adverse actions, most notably subjecting her to a hostile work environment, increased scrutiny, unwarranted and baseless criticism of her work, placing her on a performance improvement plan (PIP) and conducting more frequent than usual performance reviews and constructive discharge.

56.   There is a causal connection between the protected activities and the adverse actions.

57.   These adverse actions were taken against Plaintiff in retaliation for her having engaged in protected activities.

58.   The retaliation is in violation of the ADA and the PHRA.

59.   Plaintiff is entitled to lost wages and benefits unlawfully denied, compensatory damages, punitive damages (ADA), interest and other appropriate relief.

## PRAYER FOR RELIEF

60.   WHEREFORE, Plaintiff respectfully requests that this Court:

   A.   Grant a permanent injunction enjoining Defendant, its officers, successors, and assigns and all persons in active concert or participation with them from engaging in unlawful employment actions or practices which violate the ADA and the PHRA.

   B.   Order Defendant to make Plaintiff whole by paying appropriate back pay with prejudgment interest, in amounts to be proven at trial, compensatory damages, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices based on disability.

   C.   Order Defendant to pay the costs and reasonable attorney's fees incurred by

**Plaintiff.**

**D.**     **Grant such further relief as the Court deems necessary and proper.**

**Respectfully submitted,**

**   /s/Joseph H. Chivers                    **
**Joseph H. Chivers, Esquire**
**PA ID No. 39184**
**Suite 1010**
**100 First Avenue**
**Pittsburgh, PA  15222-1514**
**jchivers@employmentrightsgroup.com**
**(412) 227-0763 / (412) 281-8481 FAX**

**Counsel for Plaintiff**
**Nicole M. Yannone**

**Dated: September 6, 2011**