# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITA STEINMETZ, | Civil Action |
| Plaintiff, | No. |
| vs. | |
| COMMUNITY COLLEGE OF ALLEGHENY COUNTY, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Rita Steinmetz, by undersigned counsel files this Complaint and in support alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1), and 28 U.S.C. §§1331 and 1343(a)(4).

2. Steinmetz has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 and 43 Pa.C.S.A. §962(c)(1) in that:

   a. On January 26, 2011, she filed a timely charge with the Equal Employment Opportunity Commission, alleging age discrimination and cross filed with the Pennsylvania Human Relations Commission on February 3, 2011;

   b. On July 29, 2011 the EEOC issued a Notice of Right to Sue; and

   c. This case was filed within 90 days of receipt of the Notice of Right to Sue.

### III. The Parties

3. Plaintiff Rita Steinmetz is an individual who resides at 1519 Hoff Street, Pittsburgh, PA 15212. She is 70 years old.

4. Defendant, Community College of Allegheny County, is a provider of education with a principal place of business at 808 Ridge Avenue, Pittsburgh, PA 15212. At all times relevant hereto, Defendant is and was an employer within the meaning of 29 U.S.C. §630(b), in that it is engaged in an industry affecting interstate commerce and employs more than 20 employees.

5. At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### III. Factual Background

6. Steinmetz began working for Defendant in 1990. She holds the position of Teacher.

7. On March 30, 2010, Steinmetz applied for two regular full-time ten-months mathematics faculty positions - one at the Allegheny Campus and one at the North Campus.

8. Steinmetz was interviewed in June 2010 for the positions.

9. On August 3, 2010 Steinmetz had a second interview for the positions.

10. On August 16, 2010 Dean Todd told Steinmetz she was not hired for either position. Todd further stated the North Campus position had been filled and the Allegheny Campus position would be reposted for January 2011.

11. The Allegheny Campus position was reposted for January 2011 and Steinmetz applied for the position.

12. On January 5, 2011 Steinmetz received an email stating she was not selected for the position.

13. Defendant hired two younger individuals with less experience and less qualifications than Steinmetz.

## Count I
## ADEA

14. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 13, as if fully restated.

15. Defendant failed to promote Steinmetz, and otherwise discriminated against her in terms and conditions of her employment because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

16. Defendant's violation of the ADEA was willful.

WHEREFORE, Steinmetz demands judgment as follows:

   a. That Defendant be ordered to promote Plaintiff into one of the two regular full-time ten-months mathematics faculty positions she applied for prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

   b. That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff applied for on March 30, 2010 and again in January 2011;

   c. That Defendant be required to provide Plaintiff with front pay in the event a promote is not feasible;

   d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

   e. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

   f. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

   g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    h.       That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa.I.D. #54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorney for Plaintiff