## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET THOMAS<br>348 Jefferson Avenue<br>Sharon, PA 16146 | : : : : | Case No. |
| Plaintiff, | : : | COMPLAINT |
| vs. | : : | FILED ON BEHALF OF:<br>Plaintiff, Janet Thomas |
| CITY OF SHARON, PENNSYLVANIA<br>155 West Connelly Boulevard<br>Sharon, PA 16146 | : : : : | COUNSEL OF RECORD FOR<br>PARTY:<br>Neal A. Sanders, Esquire |
| Defendant. | : : : : : : | PA ID NO. 54618<br>Dirk D. Beuth, Esquire<br>PA ID NO. 76036<br>Law Offices of Neal A. Sanders<br>1924 North Main Street Ext.<br>Butler, PA  16001 |
| | : : | (724) 282-7771 |
| | : : | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff Janet Thomas, complaining of Defendant City of Sharon, Pennsylvania, alleges as follows:

**PARTIES**

1. Plaintiff, Janet Thomas, is an individual citizen who currently resides at 348 Jefferson Avenue, Sharon, Pennsylvania 16146.

2. Defendant, City of Sharon, Pennsylvania, is a municipality within the Commonwealth of Pennsylvania with administrative offices located at 155 West Connelly Boulevard, Sharon, Pennsylvania 16146.

**JURISDICTION AND VENUE**

3. This action arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. and the PHRA.

4. Jurisdiction over Counts I and II of this action is conferred upon this Court by 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. Count III is pendent jurisdiction.

5. Venue is properly laid in the Western District of Pennsylvania, because all transactions and occurrences which give rise to this action occurred within this District.

**COUNT I**
**Title VII - Failure to Promote**

6. Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e et seq. Specifically, Defendant is a "person" engaged in an "industry affecting commerce" as those terms are defined by Title VII, 42 U.S.C. §2000e (a), (b) and (h).

7. At all times relevant hereto, Plaintiff was a member of a class protected under the provisions of Title VII by reason of her gender.

8. Plaintiff has been employed by the Defendant since 1997, most recently as Finance Manager/Assistant Director for Community Development.

9. In August 2004, Plaintiff applied for the vacant Director for Community Development position and was qualified therefor.

10. The Defendant chose to hire Fragle, a male, for the Director of Community Development position. Plaintiff was informed by several of the Defendant's officials that the reason that Fragle was selected over her was that they felt that a man would be able to deal with contractors more easily.

11. From September 2004 through early 2010, Plaintiff performed the majority of the duties of the Director for Community Development position in addition to her own.

12. In January, 2010, the Defendant appointed Lavorini, a male, to the position of City Manager.

13. In the middle of 2010, Fragle announced his intention to leave the employ of the Defendant.

14. In response to Fragle's announcement, Plaintiff expressed interest in the Director of Community Development position to a number of the Defendant's upper management level employees.

15. In July 2010, after Fragle resigned, the Defendant assigned the duties of the Director of Community Development position to Lavorini even though those duties were done by Plaintiff and Plaintiff was not paid to do those extra duties. After this action, the former duties of Fragle, the former Director of Community Development, were done by Plaintiff.

16. Following the time that Plaintiff filed her EEOC administrative charge, Lavorini was made an independent contractor effective January 2011, rather than as an employee of the Defendant.

17. In 2010, the implication of statements and comments made by members of Defendant's upper management at the time of the merger was that the City Manager and Director of Community Development positions were merged so that the Defendant would not have to promote Plaintiff to the vacant Director of Community Development position.

18. By reason of the foregoing, the Defendant unlawfully discriminated against the Plaintiff because of her gender when it chose to merge the City Manager and Director of Community Development position rather than promote Plaintiff to the vacant Director of Community Development position.

19. Prior to filing this action, Plaintiff filed a charge alleging unlawful discrimination on the basis of gender with the Equal Opportunity Commission (EEOC). Plaintiff was issued a right to sue letter on July 29, 2011. It was received on August 1, 2011. A true and correct copy of this letter is attached hereto as Exhibit 1. This first EEOC charge was cross-filed with the Pennsylvania Human Relations Commission (PHRC) and more than one year has elapsed. Plaintiff has exhausted her Administrative remedies with the PHRC as to Charge No. 1. (See Exhibit 2). PHRC continues to investigate Charge #2.

20. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered loss of wages from July 2010 through the present based on the differential between the average wages she receives as Finance Manager/Assistant Director for Community Development and the wages of the position of

4

Director of Community development, front pay based on the same differential, loss of benefits, humiliation, personal injury, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff back pay based on the differential between the average wages she receives as Finance Manager/Assistant Director for Community Development and the wages of the position of Director of Community development from July 2010 through the present, front pay based on the same differential, compensatory damages for loss of benefits, compensatory damages for humiliation, personal harm, personal injury, physical harm, embarrassment and loss of self esteem, and reasonable costs and attorney's fees.

## COUNT II
### Title VII - Hostile Environment

21.  Plaintiff incorporates by reference all averments and allegations from Paragraphs 1 through 20 as though the same were set forth herein at length and made a part hereof.

22.  Plaintiff is a member of a class protected by Title VII by reason of her gender.

23.  Beginning in 2004, the Defendant, acting through its agents, servants and employees, subjected Plaintiff to a hostile work environment because of her gender through the following acts:


a. Following the time that Fragle was selected for the Director of Community Development position in September 2004, various agents, servants and employees of the Defendant have told Plaintiff that men are better able to deal with contractors than women.

b. From September 2004 through the present, Plaintiff has been forced to perform many of the duties of the Director of Community Development position in addition to her own despite the constant reminders that her supervisors do not believe that a woman can be effective in that position.

c. In 2007, Plaintiff was given a sexually explicit item by a member of the Defendant's upper management. Plaintiff did not invite or encourage this action. Plaintiff reported this incident and turned over the item to Human Resources, but no action was taken.

d. In 2008, a city council member entered Plaintiff's office and sexually propositioned her. He subsequently apologized by email for being "forward."

e. In January 2010, Plaintiff complained to Lavorini that she was required to perform many of the duties of the Director of Community Development position, that she was not being compensated for that extra work, and that her application for the Director position had been rejected because a woman would be unable to deal with contractors as effectively as a man. Lavorini responded by threatening to terminate Plaintiff's employment, grabbing Plaintiff's arm hard enough to cause pain, and asking the other person present if he had a gun. The Plaintiff reported Lavorini's conduct to the District Attorney's office, and an investigation was conducted. However, the Defendant has not taken any remedial action designed to prevent Lavorini from threatening Plaintiff again.

24. By reason of the foregoing, the discrimination was severe and pervasive and altered the terms, conditions, and privileges of Plaintiff employment.

25. The conduct set forth in Paragraph 23 and its subparts detrimentally affected Plaintiff as it caused her to suffer emotional distress, humiliation, embarrassment and loss of self esteem.

26. The conduct set forth in Paragraph 23 and its subparts would have detrimentally affected a reasonable person of the same protected class in the same position as the Plaintiff.

27. The conduct alleged in Paragraph 23 and its subparts was perpetrated by individuals with actual authority over Plaintiff by virtue of their positions such that there is a basis of vicarious liability.

28. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered humiliation, personal harm, personal injury, physical harm, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

29. Prior to filing this action, Plaintiff filed a charge alleging unlawful discrimination on the basis of gender with the Equal Opportunity Commission (EEOC). Plaintiff was issued a right to sue letter on July 29, 2011. It was received on August 1, 2011. A true and correct copy of this letter is attached hereto as Exhibit 1. This first EEOC charge was cross-filed with the Pennsylvania Human Relations Commission (PHRC) and more than one year has elapsed. Plaintiff has exhausted her Administrative remedies with the PHRC as to Charge No. 1. (See Exhibit 2). PHRC continues to investigate Charge #2.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff compensatory damages for humiliation, personal harm, personal injury, physical harm, embarrassment and loss of self esteem, and reasonable costs and attorney's fees.

## COUNT III
## PHRA - Failure to Promote

30. Plaintiff incorporates by reference all averments and allegations from Paragraphs 1 through 29 as though the same were set forth herein at length and made a part hereof.

31. Defendant is an employer within the meaning of the PHRA.

32. At all times relevant hereto, Plaintiff was a member of a class protected under the provisions of PHRA by reason of her gender.

33. Plaintiff has been employed by the Defendant since 1997, most recently as Finance Manager/Assistant Director for Community Development.

34. In August 2004, Plaintiff applied for the vacant Director for Community Development position and was qualified therefor.

35. The Defendant chose to hire Fragle, a male, for the Director of Community Development position. Plaintiff was informed by several of the Defendant's officials that the reason that Fragle was selected over her was that they felt that a man would be able to deal with contractors more easily.

36. From September 2004 through early 2010, Plaintiff performed the majority of the duties of the Director for Community Development position in addition to her own.

37. In January, 2010, the Defendant appointed Lavorini, a male, to the position of City Manager.

38. In the middle of 2010, Fragle announced his intention to leave the employ of the Defendant.

39. In response to Fragle's announcement, Plaintiff expressed interest in the Director of Community Development position to a number of the Defendant's upper management level employees.

40. In July 2010, after Fragle resigned, the Defendant assigned the duties of the Director of Community Development position to Lavorini even though those duties were done by Plaintiff and Plaintiff was not paid to do those extra duties. After this action, the former duties of Fragle, the former Director of Community Development, were done by Plaintiff.

41. Following the time that Plaintiff filed her EEOC administrative charge, Lavorini was made an independent contractor effective January 2011, rather than as an employee of the Defendant.

42. In 2010, the implication of statements and comments made by members of Defendant's upper management at the time of the merger was that the City Manager and Director of Community Development positions were merged so that the Defendant would not have to promote Plaintiff to the vacant Director of Community Development position.

43. By reason of the foregoing, the Defendant unlawfully discriminated against the Plaintiff because of her gender when it chose to merge the City Manager and Director of Community Development position rather than promote Plaintiff to the vacant Director of Community Development position.

44. Prior to filing this action, Plaintiff filed a charge alleging unlawful discrimination on the basis of gender with the Equal Opportunity Commission (EEOC). Plaintiff was issued a right to sue letter on July 29, 2011. It was received on August 1, 2011. A true and correct copy of this letter is attached hereto as Exhibit 1. This first EEOC charge was cross-filed with the Pennsylvania Human Relations Commission (PHRC) and more than one year has elapsed. Plaintiff has exhausted her Administrative remedies with the PHRC as to Charge No. 1. (See Exhibit 2). PHRC continues to investigate Charge #2.

45. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered loss of wages from July 2010 through the present based on the differential between the average wages she receives as Finance Manager/Assistant Director for Community Development and the wages of the position of Director of Community development, front pay based on the same differential, loss of benefits, humiliation, personal injury, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff back pay based on the differential between the average wages she receives as Finance Manager/Assistant Director for Community Development and the wages of the position of Director of Community development from July 2010 through the present, front pay based on the same differential, compensatory damages for loss of benefits, compensatory damages for humiliation, personal harm, personal injury, physical harm, embarrassment and loss of self esteem, and reasonable costs and attorney's fees.

Respectfully submitted,

LAW OFFICES OF NEAL A. SANDERS

Dated: October 14, 2011

By: /s/Neal A. Sanders
Neal A. Sanders, Esquire
PA ID NO. 54618
Co-Counsel for Plaintiff,
Janet Thomas

By: /s/Dirk D. Beuth
Dirk D. Beuth, Esquire
PA ID NO. 76036
Co-Counsel for Plaintiff,
Janet Thomas

Law Offices of Neal A. Sanders
1924 North Main Street Ext.
Butler, Pennsylvania 16001
(724) 282-7771

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

By: /s/Neal A. Sanders
Neal A. Sanders, Esquire

By: /s/Dirk D. Beuth
Dirk D. Beuth, Esquire