IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VARIOUS PARCELS OF REAL )<br>PROPERTY, )<br>)<br>VARIOUS ACCOUNTS and )<br>)<br>VARIOUS VEHICLES )<br>)<br>Defendants. ) | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

AND NOW comes the United States of America, by and through its counsel, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Lee J. Karl, Assistant United States Attorney for the Western District of Pennsylvania, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. Pursuant to 21 U.S.C. §§ 881(a)(4), 881(a)(6) and 881(a)(7); 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317(c)(2), Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States of various parcels of real property ("Defendant Real Property"), various financial accounts ("Defendant Financial Accounts") and certain personal property ("Defendant Personal Property") listed on Exhibit A attached hereto (collectively, "Defendant Property").

2. Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355(a). Venue is proper

under 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a).

3. The tangible property subject to this litigation is currently located in the Western District of Pennsylvania.

## FACTUAL BACKGROUND

4. The Internal Revenue Service, Criminal Investigation, the Washington County District Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms and Explosives have been involved in an investigation of Daniel Ray Young ("Young") and others for, *inter alia*, illegal distribution of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, money laundering in violation of 18 U.S.C. §§ 1956 and 1957 and structuring currency transactions in order to evade reporting requirements in violation of 31 U.S.C. § 5324.

5. A Washington County Grand Jury was empaneled and used to assist in the drug investigation.

6. The criminal investigation against Young and others revealed that, over the course of approximately fifteen (15) years, Young had been actively involved in the sale and distribution of cocaine in the community.

7. As a result of the extensive investigation, Young was charged in Washington County with multiple violations of the Controlled Substance, Drug, Device and Cosmetic Act.

8. On or around June 16, 2011, a Washington County jury convicted Young on several counts of possession, delivery and possession with intent to deliver a controlled substance.

9. On or around September 9, 2011, Washington County Judge Janet Moshcetta Bell sentenced Young to a term of imprisonment of 12 to 24 years, which he is currently serving.

10. The investigation of Young, which continued after his conviction and is ongoing, further

revealed that Young made several hundred thousand dollars operating his cocaine enterprise, while having very little, if any, legitimate income.

11. Young used proceeds of his cocaine enterprise to purchase all of the Defendant Property listed on Exhibit A.

12. Additionally, Young used a fraudulent/shell business, Young's Hauling, in an attempt to conceal and launder his drug money.

13. Young made cash purchases of industrial equipment; however, he had no legitimate business activity.

14. Young further used family members and other individuals as "nominees" to make cash purchases of personal and real property in order to disguise the proceeds of his drug trafficking activities.

15. In an effort to evade currency transaction reports, Young, or his nominees, often structured their purchases of the Real Property and Personal Property with increments of cash under $10,000.

16. The investigation further revealed that Young used the 2008 Dodge Truck and the Real Property to facilitate his cocaine enterprise by, among other things, storing, transporting and/or selling cocaine.

17. Young knowingly engaged in monetary transactions in criminally derived property of a value greater than $10,000 when he purchased financial accounts identified on Exhibit A.

**STATUTORY FRAMEWORK FOR FORFEITURE**

18. The Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) since it constitutes, and/or is traceable to, the illegal proceeds generated by Young and/or others through their unlawful distribution of cocaine in violation of 21 U.S.C. §§ 841 and 846.

Alternatively, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) since it was involved in money laundering transactions in violation of 18 U.S.C. §§ 1956 and/or 1957, or is traceable to such property. Alternatively, the Defendant Property is forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(2) since it was involved in structuring currency transactions in violation of 31 U.S.C. § 5324 and/or a conspiracy to commit such a violation and/or is traceable to such a violation.

19. Alternatively, the defendant 2008 Dodge Truck is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4) since it was used to facilitate illegal drug transactions.

20. Alternatively, the Defendant Real Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7), since the Defendant Real Property was used to facilitate violations of 21 U.S.C. §§ 841 and 846, which violations are punishable by more than one year's imprisonment.

WHEREFORE, the United States of America respectfully requests that process of warrant *in rem* issue for the arrest of the Defendant Property; that judgment of forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

                                        Respectfully submitted,

                                        DAVID J. HICKTON
                                        United States Attorney

By:     s/ Lee J. Karl
           Assistant U.S. Attorney
           700 Grant Street, Suite 4000
           Pittsburgh, PA 15219
           (412) 894-7488
           PA ID #87856

## VERIFICATION

I am a Special Agent with the Internal Revenue Service, Criminal Investigations, and the agent assigned to this forfeiture action.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of October, 2011.

*Cynthia Pfeifer*
Cynthia Pfeifer
Speical Agent
Internal Revenue Service
Criminal Investigations